# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| LLOYD EUGENE HOWES,<br><br>　　　　Plaintiff,<br>vs.<br><br>COMMISSIONER OF SOCIAL SECURITY, Carolyn W. Colvin, Acting Agent,<br><br>　　　　Defendant. | No. C 12-4101-MWB<br><br>ORDER REGARDING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. §406(b) |

　　　　This case is before me on plaintiff's June 23, 2015, Motion for Attorneys' Fees Pursuant To 42 U.S.C. § 406(b) (docket no. 27). Plaintiff's attorney, Jay Denne, requests attorney's fees in the amount of $7,583.08, which is 25 percent of the past-due benefits awarded to the claimant in the amount of $30,332.33. On July 6, 2015, the Commissioner filed a Response To Plaintiff's Motion For Attorney Fees Pursuant To 42 U.S.C. § 406(b), stating "Defendant has no objection to plaintiff's motion." (docket no. 28).

　　　　On March 18, 2014, the decision of the ALJ was reversed and remanded solely for the calculation of benefits (docket no. 20). Plaintiff's counsel filed a motion for fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412 (docket no. 22), and that request was granted on August 29, 2014, in the agreed upon adjusted amount of $3,807.29 (docket no. 24). Plaintiff's current motion submits to me Exhibits A, B, and C. Exhibit A is a fee agreement between plaintiff Lloyd Eugene Howes and Mr. Denne, providing for a contingency fee payment of the lesser of either (1) 25% of the recovery of past due benefits, or (2) $6,000, which is the maximum amount allowable by Social

Security. Exhibit B is the Notice of Award dated June 5, 2015, from the SSA to plaintiff Howes, awarding past due benefits to the claimant in the amount of $30,332.33. Exhibit C is the itemization of fees and expenses incurred by Mr. Denne, reflecting approximately 23.35 hours in services rendered. Plaintiff's motion calculates the "hypothetical hourly rate" as being approximately $324.76 per hour ($7,583.08 divided by 23.35), and states that this hourly rate is within the range awarded in other, similar cases. Plaintiff's counsel acknowledges the obligation set by Congress to refund to the plaintiff the smaller of either the fee awarded under 42 U.S.C. § 406(b) or the EAJA fee (as mentioned previously, awarded in the amount of $3,807.29).

The Commissioner has no objection to plaintiff's motion for attorney's fees under § 406(b) if the attorney fee request is for a "reasonable" amount for work performed before the court (docket no. 28). The Commissioner respectfully requests that I order plaintiff's counsel to refund the smaller of the two fees awarded (EAJA and § 406(b)) to plaintiff.

> 42 U.S.C. §406(b) states:
>
>> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. §406(b)(1)(A) (emphasis added). I must determine if the attorney fee request is reasonable, and the fee must not be more than 25 percent of the past-due benefit award. As mentioned, claimant had a contingency fee agreement with his counsel:

> § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases. Congress has provided one boundary line: Agreements are unenforceable to the extent they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.

*Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

*Gisbrecht v. Barnhart*, 535 U.S. 789 (2002), holds that "[Section] 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Id*. at 807. The district court must act as an independent check on such arrangements to ensure that they satisfy the statutory requirement of yielding a "reasonable" result in a particular cases. *Id*. Even with the 25 percent boundary, the attorney "must show that the fee sought is reasonable for the services rendered." *Id*.

In this case, plaintiff's counsel requests a fee totaling 25% of past due benefits, or $7,583.08. I have reviewed Exhibit C, establishing that plaintiff's counsel spent 23.35 hours representing the plaintiff, resulting in an effective hourly rate of $324.76. Upon review of this itemized billing record, I find Mr. Denne's request to be reasonable.

As mentioned, plaintiff's counsel previously applied for, and was awarded, attorney's fees in the amount of $3,807.29 under the EAJA. Plaintiff's counsel has acknowledged that an attorney cannot collect fees for the same work under both § 406(b)

3

and the EAJA. Rather, the attorney must refund the lesser amount of the § 406(b) and the EAJA fee to his client. *See* Pub. L. No. 99-80, §3, 99 Stat. 186 (August 5, 1985), *see also Gisbrecht*, 533 U.S. at 796.

Therefore, Mr. Denne's Motion For Attorney's Fees Pursuant to 42 U.S.C. §406(b) (docket no. 27) is **granted**. I order payment of $7,538.08 in attorney's fees to Jay Denne. Additionally, Mr. Denne must refund to his client the EAJA attorney's fees already awarded in this case in the amount of $3,807.29.

**IT IS SO ORDERED**.

**DATED** this 1st day of September, 2015.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA